IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TERNECIA D. WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:18-CV-823-ECM-SMD |
| v. | ) | |
| | ) | |
| STATE OF ALABAMA & | ) | |
| HEADLAND POLICE DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On August 24, 2018, *pro se* Plaintiff, Ternecia D. Wilson, filed a suit against the Headland Police Department ("HPD") and the State of Alabama. *See generally* (Doc. 1). Plaintiff was granted permission to proceed *in forma pauperis*; therefore, service of process has been stayed and undersigned is conducting the Court's obligatory review of the Complaint pursuant to the provisions of 28 U.S.C. § 1915(e). *See Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) in non-prisoner action). That statute instructs the Court to dismiss any action wherein it is determined that an *in forma pauperis* applicant's suit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B)(i)-(iii).

The undersigned recommends dismissal of Plaintiff's Complaint on two separate grounds. First, Plaintiff's Complaint should be dismissed because she failed to file an amended complaint in accordance with undersigned's previous order. (Doc. 14). Second,

Plaintiff's Complaint should be dismissed for the reasons stated within the undersigned's Order directing Plaintiff to amend—i.e., that Plaintiff improperly named HPD as a Defendant and that the State of Alabama is subject to Eleventh Amendment immunity against Plaintiff's claims for money damages.

**I.      Plaintiff's Complaint should be dismissed because she failed to abide by the undersigned's order directing her to file an amended complaint.**

On August 12, 2019, the undersigned entered an Order (Doc. 14) directing Plaintiff to file an amended complaint addressing certain deficiencies in Plaintiff's original Complaint. First, the undersigned found that the Complaint improperly named HPD as a Defendant.[1] (Doc. 14) at 4-5. The undersigned advised Plaintiff that, in filing an amended complaint, she should name the City of Headland as the proper defendant and that she should set forth a factual basis for the City's liability. *Id*. Second, the undersigned found that the Complaint, which seeks money damages against the State of Alabama, could not proceed because the State was subject Eleventh Amendment immunity. *Id*. at 5-6. In directing Plaintiff to file an amended complaint addressing these deficiencies, the undersigned warned Plaintiff: "**that her failure to amend as required by this Order will result in the undersigned's recommendation that this case be dismissed for failure to prosecute this action and abide by the orders of the Court.  Plaintiff is also advised**

---

[1] The undersigned advised Plaintiff that "a police department is not a legal entity subject to suit or liability." *See Ex parte Dixon*, 55 So.3d 1171, 1172 n.1 (Ala. 2010) ("Generally, the departments and subordinate entities of municipalities, counties, and towns that are not separate legal entities or bodies do not have the capacity to sue or be sued in the absence of specific statutory authority."); *see also  Manning v. Mason*, 2011 WL 1832539, *3 (M.D. Ala. May 13, 2011) (citations omitted) ("[A] law enforcement department is not a legal entity capable of being sued."); *Johnson v. Andalusia Police Dept.*, 633 F. Supp. 2d 1289, 1301 (M.D. Ala. 2009) ("[P]olice departments are generally not considered legal entities subject to suit.").

**that her amended complaint will supersede all previous complaints.  Therefore, her amended complaint—and only her amended complaint—will be reviewed by the Court for § 1915(e) review.**" *Id*. at 6. (emphasis in original).

On August 20, 2019, Plaintiff filed a document in which she seeks "a request for correction." (Doc. 15) at 1. In the document, Plaintiff asserts that the undersigned's Order to amend misconstrued the claims she attempted to state within her Complaint and that she wishes the previous Order to be corrected. *See generally* (Doc. 15). As Plaintiff makes clear, her document is *not* an attempt to file an amended complaint. *Id*. at 3 ("This is not a[n] amend this is a review of the document as a request for correction" and "Again this is not an amend request for correction").

Plaintiff's Request for Correction does not comply with the undersigned's previous Order directing Plaintiff to file an amended complaint. Indeed, the document does not address—other than in passing—the Complaint's deficiencies set forth by the undersigned.[2] Regardless of whether the undersigned, in an attempt to liberally construe Plaintiff's allegations within her Complaint, misconstrued Plaintiff's claims,[3] the fact

---

[2] Plaintiff states: "The police is a legal entity subject due to the 'fact' police misconduct is all that have been reported. Factual basis police reports done personally at and around my home." (Doc. 15) at 3. This appears to be Plaintiff's attempt at addressing why HPD should remain a Defendant and is subject to suit. Further, Plaintiff states: "[B]ehind constitutional violation both waiver and abrogation applies two cities were reported for the same misconduct." *Id*. Likewise, this appears to be Plaintiff's attempt to address why the State of Alabama is not subject to Eleventh Amendment immunity.

[3] Plaintiff specifically asserts that she did not allege rape in her Complaint. (Doc. 15) at 3 ("[T]he clerk stated the word rape in the City of Headland, Alabama rape was never a complaint of mine I who have the original copy of my complaint never stated rape the order that was sent was not correctly reviewed and I following this request for a correction of order have until August 26th to do so. Thank-you."). In attempting to liberally construe Plaintiff's Complaint, the undersigned reviewed Plaintiff's supporting documentation, which she attached along with her form Complaint. In that supporting documentation, Plaintiff states: "After I sat back down [a law enforcement officer] slowly took off his pants as I turned around backwards

remains that Plaintiff has improperly named HPD as a Defendant and that the State of Alabama is immune from suit for money damages under Eleventh Amendment immunity, as further explained below. Therefore, the undersigned recommends that Plaintiff's Complaint (Doc. 1) be dismissed for failure to comply with orders of this Court.

## II.     Plaintiff's Complaint fails to state a claim.

Plaintiff's Complaint asserts claims against HPD, which is an improper defendant. It also asserts claims for money damages against the State of Alabama, which is subject to Eleventh Amendment immunity. Therefore, Plaintiff's Complaint should be dismissed.

### A.  Municipal Liability

In her Complaint (Doc. 1), Plaintiff names HPD as a defendant. However, a police department is not a legal entity subject to suit or liability. *See Ex parte Dixon*, 55 So. 3d 1171, 1172 n.1 (Ala. 2010) ("Generally, the departments and subordinate entities of municipalities, counties, and towns that are not separate legal entities or bodies do not have the capacity to sue or be sued in the absence of specific statutory authority."); *see also Manning v. Mason*, 2011 WL 1832539, at *3 (M.D. Ala. May 13, 2011) (citations omitted) ("[A] law enforcement department is not a legal entity capable of being sued."); *Johnson v. Andalusia Police Dep't*, 633 F. Supp. 2d 1289, 1301 (M.D. Ala. 2009) ("[P]olice

---

he pushed me onto the bed and began inserting himself while in the middle I jumped up after telling him you are hurting me he pushed me back onto the bed and he put his knuckles in my back holding me down I said this is not right you are married so finally he finished." (Doc. 1-1) at 6. The undersigned construed this statement as Plaintiff's attempt to assert that she was raped by a law enforcement officer; however, Plaintiff has clearly indicated that she did not make such a claim. Therefore, the undersigned clarifies the previous Order and notes that Plaintiff is not asserting a claim for rape in this case.

departments are generally not considered legal entities subject to suit."). Accordingly, the City of Headland Police Department is not a proper defendant.

### B. State Liability

"[T]he Eleventh Amendment prohibits federal courts from entertaining suits by private parties against States and their agencies." *Alabama v. Pugh*, 438 U.S. 781, 781 (1978). There are two exceptions to this prohibition: where the state has waived its immunity or where Congress has abrogated that immunity. *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 131 (2011). "A State's consent to suit must be 'unequivocally expressed' in the text of [a] relevant statute." *Sossamon v. Texas*, 563 U.S. 277, 284 (2011) (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984)). "Waiver may not be implied." *Sossamon*, 563 U.S. at 284. Likewise, "Congress' intent to abrogate the States' immunity from suit must be obvious from 'a clear legislative statement.'" *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 55 (1996) (quoting *Blatchford v. Native Vill. of Noatak*, 501 U.S. 775, 786 (1991)).

Neither waiver nor abrogation applies here. The Alabama Constitution states that "the State of Alabama shall never be made a defendant in any court of law or equity." Ala. Const. art. I, § 14. The Supreme Court has recognized that this prohibits Alabama from waiving its immunity from suit. *Pugh*, 438 U.S. at 782. Likewise, "Congress has not abrogated eleventh amendment immunity in section 1983 cases." *Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990) (citing *Quern v. Jordan*, 440 U.S. 332, 345 (1979)). Hence, the undersigned concludes that Plaintiff's claims against the State of Alabama should be dismissed as futile.

### III.    CONCLUSION

For the reasons set forth above, it is the

RECOMMENDATION of the undersigned that Plaintiff's Complaint (Doc. 1) be DISMISSED with prejudice. It is further

ORDERED that Plaintiff shall file any objections to this Recommendation **on or before August 6, 2020**.  Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar Plaintiff from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of Plaintiff to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 23rd day of July, 2020.


/s/ Stephen M. Doyle
UNITED STATES MAGISTRATE JUDGE